J-S67025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRELL REESE | : | |
| | : | |
| Appellant | : | No. 601 EDA 2018 |

Appeal from the PCRA Order February 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0100571-1998

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 14, 2018**

Appellant Darrell Reese appeals *pro se* from the order dismissing as premature his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On November 5, 1998, following a jury trial, [Appellant] was convicted of aggravated assault, robbery, criminal conspiracy, and possessing an instrument of crime, while the jury was hung on the first-degree murder bill. On September 27, 1999, [Appellant], following a re-trial on the murder bill, was found guilty by a jury of first-degree murder. On September 28, 1999, following a penalty phase, [Appellant] was sentenced to life imprisonment for the murder bill and lesser terms of incarceration for the remaining convictions. On July 10, 2001, following a direct appeal, the Superior Court affirmed the judgment of sentence. The

---

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania Supreme Court denied *allocatur* on December 14, 2001.

On August 13, 2002, [Appellant] filed his first *pro se* petition for collateral relief under the former provisions of the PCRA. Counsel was appointed and subsequently filed a "no merit" letter pursuant to **Turner/Finley**.[1] [Appellant]'s PCRA petition was formally dismissed on March 29, 2004. On August 22, 2005, the Superior Court affirmed the dismissal order. The Pennsylvania Supreme Court denied *allocatur* on May 31, 2006.

On November 21, 2007, [Appellant] filed his second *pro se* petition under the Post Conviction Relief Act. [Appellant's] PCRA petition was dismissed on July 20, 2009. On July 8, 2010, the Superior Court affirmed the dismissal order. On January 5, 2011, the Pennsylvania Supreme Court denied *allocatur*.

On January 20, 2011, [Appellant] filed his third *pro se* PCRA petition. [Appellant's] PCRA petition was dismissed as untimely on September 21, 2011. On May 23, 2012, the Superior Court affirmed the dismissal. On November 20, 2012, the Pennsylvania Supreme Court denied *allocatur*.

On January 23, 2013, [Appellant] filed his fourth *pro se* PCRA petition. [Appellant's] PCRA petition was dismissed as untimely on April 1, 2014. On June 5, 2015, the Superior Court affirmed the dismissal. On November 16, 2015, the Pennsylvania Supreme Court denied *allocatur*. On March 21, 2016, [Appellant] filed his fifth *pro se* PCRA petition. On September 22, 2016, the PCRA court dismissed his petition as untimely. [Appellant] timely filed a notice of appeal with the Superior Court (3278 EDA 2016). On October 18, 2017, the Superior Court affirmed the dismissal. On November 14, 2017, [Appellant] filed for allowance of appeal with the Pennsylvania Supreme Court, which remains pending (583 EAL 2017).

While the appeal was pending, [Appellant] filed his sixth *pro se* PCRA petition on September 6, 2017. On February 2, 2018, the PCRA court dismissed his petition as premature. On February 14, 2018, the instant notice of appeal was timely filed to the Superior Court.

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

The PCRA court dismissed [Appellant's] petition on the basis that he was prohibited from filing while the appeal of the denial of his previous petition was pending. In ***Lark***, our Supreme Court addressed the preclusive effect that a pending appeal has on a petitioner's ability to file a subsequent PCRA petition:

> We now hold that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

> ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (footnote omitted); ***see also*** Pa.R.A.P.1701(a) (Generally, "after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter."). Because [Appellant] was precluded from filing the instant PCRA petition until the appeal from his fifth was resolved, the lower court dismissed his petition as premature.

PCRA Ct. Op., 5/4/18, at 1-3 (some footnotes omitted).

Appellant raises the following issues on appeal:

1. Whether the [trial c]ourt's 9545(b) is based on [s]tatutory [l]aw[.]

2. Whether trial [c]ounsel was ineffective when he failed to inform [Appellant] of the Commonwealth's plea offer[.]

3. Whether [the t]rial [c]ourt erred when it sentenced [Appellant] to an unlawful sentence, pursuant to 18 Pa.C.S.A. § 1102(a) or (b)[.]

4. Whether the trial court's jury instructions [were] contrary to the weight of the evidence for [c]riminal [c]onspiracy[.]

5. Whether the sentence for [c]riminal [c]onspirac[y] was illegal base[d] upon double jeopardy concerns and should have merged into the sentence of first degree murder which was base[d] upon [the] Commonwealth's [c]riminal [c]onspiracy theory[.]

6. Whether trial [c]ourt erred sentencing [Appellant] in violation of the merger doctrine for aggravated assault and criminal conspiracy to commit [m]urder crimes[.]

Appellant's Brief at iv.

Our standard of review from the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

In **Lark**, our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588. The Court stated that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted); **see also Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*) (holding that "**Lark** precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible"), *appeal denied*, 190 A.2d 1134 (Pa. 2018).

Following our review, we agree with the PCRA court's conclusions that Appellant's petition was premature. As indicated by the PCRA court, at the time Appellant's sixth PCRA petition was docketed, his appeal from the

dismissal of his fifth PCRA petition was still pending with the Pennsylvania Supreme Court. **See** PCRA Ct. Op., 5/4/18, at 3; **see also** 583 EAL 2017. Therefore, the PCRA court correctly concluded that it lacked jurisdiction to entertain Appellant's sixth petition. **See Lark**, 746 A.2d at 588. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/18